UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY A. MILLER,

        Plaintiff,

v.

RICHARD BEHNKE et al.,

        Defendants.

_____/

Case No. 1:19-cv-303

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a county jail inmate under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### **Discussion**

    **I.    Factual allegations**

Plaintiff is presently serving a sentence in the Cass County Jail. Based on the records of the Cass County Circuit Court, it appears he is jailed following his guilty plea to either

a methamphetamine-related offense or fleeing and eluding a police officer.  He sues Cass County Sheriff Richard Behnke, Captain Kevin Garreitts, Sergeant Todd Johnson, and Cass County.

Plaintiff alleges that on January 25, 2019, Defendant Johnson put Plaintiff on inmate worker status.  He claims that, because of that status, Defendant Johnson gave Plaintiff a 31-day sentence reduction.  On February 11, 2019, Defendant Johnson removed Plaintiff from inmate worker status and took away the 31-day reduction of his sentence.  Plaintiff contends that the loss of his 31-day sentence reduction without a hearing violated his constitutional rights.  Plaintiff asks the Court to order Defendants to restore Plaintiff's 31-day sentence reduction.  He also asks the Court to order Defendants to provide a hearing when an inmate is removed from inmate worker status or when Defendants take away the 31-day sentence reduction that is provided to inmate workers.  Finally, Plaintiff seeks $146,500.00 in compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.    Due Process Violation

Plaintiff's claim that he was removed from inmate worker status and caused to forfeit his 31-day sentence reduction without a hearing is a claim that he was denied his due process rights in violation of the Fourteenth Amendment. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with

3

by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

The Sixth Circuit has consistently found that prisoners have no constitutionally protected liberty or property interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Moreover, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 69 F. App'x at 680 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Under these authorities, Plaintiff fails to state a due process claim arising from Defendant Smith's termination of Plaintiff's inmate worker status.

An inmate does not have a protected liberty interest in a determination that the inmate should be removed from inmate worker status and, thus, deprived of the corresponding sentence reduction, unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Although Plaintiff does not allege that Defendant Johnson's determination imposed an atypical or significant hardship, he does allege that the determination affected the duration of his sentence, effectively extending his sentence by 31 days. Thus, accepting Plaintiff's allegations as true, he has identified

a protected liberty interest. Moreover, Plaintiff's allegations further indicate that he was not afforded procedural protections before that liberty interest was taken.

Although Plaintiff has alleged the elements of a procedural due process claim, that claim is still properly dismissed because it can only be raised in a habeas corpus proceeding. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, including *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). The Sixth Circuit has explained the bar these cases place on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of

5

confinement or its duration." *Id*. at 81-82 (emphasis in original). Plaintiff's claim seeking damages and equitable relief because he was denied due process in a determination that extended the duration of his confinement is, therefore, not cognizable in a § 1983 action.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). Other courts have indicated that, if an action is barred by *Heck*, it may be dismissed under § 1915(g) as frivolous. *See Goodson v. Tennessee*, 102 F. App'x 906, 907 (6th Cir. 2004); *Campbell v. Putnam*, 38 F. App'x 298, 300 (6th Cir. 2002).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: May 29, 2019                                     /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE